# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,      )      No. 68935-5-I
)
         Respondent,     )
)
         v.        )
)
RAYNE D. WELLS,      )      UNPUBLISHED OPINION
)
         Appellant.     )      FILED: OCT 2 8 2013
_____)

PER CURIAM — Rayne Wells appeals a corrected judgment and sentence and a subsequent order transferring his motion to withdraw his guilty plea to this court for treatment as a personal restraint petition. Because he raises no arguments or assignments of error concerning the judgment and sentence, his appeal of that decision is dismissed. RAP 10.3. And though he raises arguments concerning the transfer order, for the reasons set forth below, we conclude that order is not appealable, discretionary review is not warranted, and the appeal of the order should also be dismissed.

> CrR 7.8(c)(2) provides in pertinent part that the trial court
>
> shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

A transfer under this rule is not a final decision granting or denying relief. Thus, RAP 2.2(a)(9), (10), (11) and (13) do not apply and the transfer order is not

No. 68935-5-I/2

appealable as a matter of right.[1] And because relief is available to Wells in the personal restraint petition and he may raise objections to the transfer order in that proceeding, discretionary review of the transfer order is unwarranted.[2]

Dismissed.

FOR THE COURT:

_____

_____

_____

---

[1] RAP 2.2(a)(9), (10), (11) and (13) describe post-trial decisions of the superior court that may be appealed as a matter of right, including an order granting or denying a motion for new trial or amendment of judgment, an order granting or denying a motion to vacate a judgment, an order arresting or denying arrest of a judgment in a criminal case, or a final order made after judgment that affects a substantial right.

[2] We note that when this court considers a transferred motion as a personal restraint petition, the acting chief judge considers de novo whether any relief is barred by RCW 10.73.090, whether there is an adequate showing that the defendant is entitled to relief, and whether resolution of the petition requires a factual hearing. See RAP 16.6, 16.11.

2